**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| RICHARD DUHON and CHERYL DUHON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:25-CV-390 |
| | § | |
| TRUCKING THE RIGHT WAY, LLC, SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, and DENNIS JERMAINE POWELL, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Swift Transportation Company of Arizona, LLC's ("Swift") Motion for Summary Judgment (#27), wherein Swift asks this court to grant summary judgment as to all claims against it contained in Plaintiffs Richard Duhon ("R. Duhon") and Cheryl Duhon's ("C. Duhon") (collectively "Plaintiffs") First Amended Complaint (#18). Plaintiffs filed a Response (#28) in opposition, and Swift filed a Reply (#29). Having considered the pending motions, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Swift's motion should be GRANTED.

I. Background

The present lawsuit arises out of an automobile collision between R. Duhon and Dennis Jermaine Powell ("Powell"). On February 17, 2024, R. Duhon was driving westbound on Interstate Highway 10 in Orange County, Texas, when a tractor-trailer operated by Powell allegedly failed to maintain its lane of travel. Powell crashed into the concrete median. The trailer disconnected from the tractor, flipped on its side, slid down the interstate, and blocked all three westbound lanes of travel. R. Duhon collided with the trailer and allegedly sustained "property damages, loss of use damages and severe and disabling injuries to his body generally, including head, neck, back, central nervous system, spine and associated muscles, ligaments,

nerves and/or discs resulting in a number of medical symptoms and/or adverse reactions reducing the quality of his life."

On June 4, 2024, R. Duhon filed his Original Petition (#2) in the 128th Judicial District Court of Orange County, Texas, asserting claims for negligence and gross negligence. On July 30, 2025, Swift removed the case to this court. On January 21, 2026, R. Duhon filed his First Amended Complaint (#18) adding his wife C. Duhon as a co-plaintiff. Swift filed the pending Motion for Summary Judgment (#27) on May 14, 2026. Swift seeks summary judgment on Plaintiffs' claims against it: vicarious liability; negligent hiring, training, supervision, and retention; negligent entrustment; negligent maintenance; and gross negligence. Plaintiffs filed their Response (#28) on June 4, 2026, and Swift filed its Reply (#29) on June 11, 2026.

## II. Analysis

### A. Summary Judgment Standard

A party may move for summary judgment without regard to whether the movant is a claimant or a defending party. *See Union Pac. R.R. Co. v. Palestine*, 41 F.4th 696, 703 (5th Cir. 2023); *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 380 (5th Cir. 2019); *Apache Corp. v. W&T Offshore, Inc.*, 626 F.3d 789, 793 (5th Cir. 2010). Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *King v. King*, 117 F.4th 301, 308 (5th Cir. 2024); *Union Pac. R.R. Co.*, 41 F.4th at 703; *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, 9 F.4th 328, 331 (5th Cir. 2021); *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *MDK Sociedad De Responsabilidad Limitada*

*v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th 639, 644-45 (5th Cir. 2021); *Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 416-17 (5th Cir. 2021).

"A fact issue is 'material' if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)); *see MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp.*, 7 F.4th 315, 321 (5th Cir. 2021); *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020). "Factual disputes that are irrelevant or unnecessary will not be counted." *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *accord Valencia v. Davis*, 836 F. App'x 292, 296 (5th Cir. 2020); *see Dyer*, 964 F.3d at 379. "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Gerhart v. Barnes*, 724 F. App'x 316, 321 (5th Cir. 2018) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001)); *accord Johnson v. City of San Antonio*, No. 22-50196, 2023 WL 3019686, at *6 n.7 (5th Cir. Apr. 20, 2023); *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). Thus, "[a] genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368 (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)); *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021); *Dyer*, 964 F.3d at 379; *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023); *MDK Sociedad De Responsabilidad Limitada*,

25 F.4th at 368; *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 410 (5th Cir. 2020). The court "should review the record as a whole." *Black v. Pan Am. Lab'ys, L.L.C.*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018); *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014). All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022); *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021); *Lyons v. Katy Ind. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020). The evidence of the nonmovants is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in their favor. *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (quoting *Anderson*, 477 U.S. at 255); *Dietrich v. United Parcel Serv., Inc. (Ohio)*, No. 24-50316, 2025 WL 445050, at *3 (5th Cir. Feb. 10, 2025); *Seigler*, 30 F.4th at 476; *Batyukova*, 994 F.3d at 724; *Lyons*, 964 F.3d at 302. The evidence is construed "in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Johnson v. Cooper T. Smith Stevedoring Co., Inc.*, 74 F.4th 268, 275 (5th Cir. 2023) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *accord Lexon Ins. Co., Inc.*, 7 F.4th at 321; *Geovera Specialty Ins. Co. v. Odoms*, 836 F. App'x 197, 200 (5th Cir. 2020) (quoting *Little*, 37 F.3d at 1075).

Furthermore, the court's obligation to draw reasonable inferences "does not extend so far as to allow a wholly 'unreasonable inference' or one which amounts to 'mere speculation and conjecture.'" *Mack v. Newton*, 737 F.2d 1343, 1351 (5th Cir. 1984) (quoting *Bridges v. Groendyke Transp., Inc.*, 553 F.2d 877, 879 (5th Cir. 1977)); *accord McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 432 (5th Cir. 2020); *Batyukova*, 994 F.3d at 724 ("'Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation' will not survive summary judgment." (quoting *Orr v. Copeland*, 844

F.3d 484, 490 (5th Cir. 2016))); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 528 (5th Cir. 1999) ("If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468-69 (1992))); *Mills v. Warner-Lambert Co.*, 581 F. Supp. 2d 772, 779 (E.D. Tex. 2008) ("[O]nly reasonable inferences in favor of the nonmoving party can be drawn from the evidence." (citing *Eastman Kodak Co.*, 504 U.S. at 468 n.14)). "[S]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 256 (5th Cir. 2020) (quoting *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)); *accord Allaudin v. Perry's Rests., Ltd.*, 805 F. App'x 297, 299 (5th Cir. 2020); *Acadian Diagnostic Lab'ys, L.L.C.*, 965 F.3d at 410 (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Summary judgment is mandated if the nonmovants fail to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *Lyons*, 964 F.3d at 302; *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 560 (5th Cir. 2019). "[W]here the non-moving party fails to establish 'the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' no genuine issue of material fact can exist." *Goode v. Greenstream Int'l, L.L.C.*, 751 F. App'x 518, 521 (5th Cir. 2018) (quoting *Nichols v. Enterasys Networks, Inc.*, 595 F.3d 185, 188 (5th Cir. 2007)); *see Phillips v. Sanofi U.S. Servs. (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 994 F.3d 704, 710 (5th Cir. 2021). In such a situation, "'[a] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and 'mandates the entry of summary judgment' for the moving party." *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018) (quoting *United States ex rel. Farmer v. City of Houston*, 523

F.3d 333, 337 (5th Cir. 2008)); *accord Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023); *Stingley v. Watson Quality Ford*, 836 F. App'x 286, 288 (5th Cir. 2020).

1. Local Rules

It is well established that "district courts have considerable latitude in applying their own rules." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990); *accord Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (recognizing the district court's broad "discretionary authority to formulate and enforce local rules"). Although a court will not tolerate repeated violations of the local rules, the court has discretion to rule on the substantive merits of a case. *In re DePugh*, 409 B.R. 125, 142 n.10 (S.D. Tex. 2009) ("Courts are vested with a large measure of discretion in applying and enforcing local rules."); *Est. of White v. Hartford Life & Accident Ins. Co.*, No. 4:01-CV-145, 2007 WL 7217079, at *4 n.3 (S.D. Tex. Oct. 11, 2007). "[A] district court's 'decision whether to apply [a local] rule strictly or to overlook any transgressions is one left to the district court's discretion.'" *Stanciel v. Gramley,* 267 F.3d 575, 579 (7th Cir. 2001) (second alteration in original) (citing *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)).

Local Rules CV-56(b) & (c) provide:

> (b) Response. Any response to a motion for summary judgment must include: (1) a response to the statement of issues; and (2) a response to the "Statement of Undisputed Material Facts." The responsive brief should be supported by appropriate citations to proper summary judgment evidence as set forth below. Proper summary judgment evidence should be attached in accordance with Section (d) of this rule.
>
> (c) Ruling. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the responsive brief filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

LOCAL RULES CV-56(b), (c). "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." *Id.* at 7(d).

Overall, Plaintiffs' response is wholly deficient to defeat summary judgment as they have failed to comply with Federal Rule of Civil Procedure 56 and Local Rule CV-56. Further, in failing to respond to the arguments presented by Swift in its Motion for Summary Judgment, Plaintiffs violated Local Rule CV-7(a)(1), which provides that "[r]esponses to case dispositive motions must include a response to the movant's statement of issues." *Id.* at (a)(1). Plaintiffs' response lacks any proffer of summary judgment evidence such as deposition transcripts and affidavits or any citation to evidence, even evidence offered by Swift in moving for summary judgment.

This court has no duty to scour the record looking for evidence to "unearth an undesignated genuine issue of material fact." *Id.* at 56(c). Plaintiffs' failure to oppose Swift's motion for summary judgment pursuant to Local Rule 7(d) creates a presumption that they do not controvert the facts set forth by Swift and have no evidence to offer in opposition to the motion. *See id.* at 7(d). To defeat summary judgment, Plaintiffs must set forth and support their allegations with summary judgment evidence showing a genuine dispute of material fact for trial. *Wease v. Ocwen Loan Serv., L.L.C.*, 915 F.3d 987, 996-97 (5th Cir. 2019) ("It is not [the court's] function to scour the record in search of evidence to defeat a motion for summary judgment; we rely on the nonmoving party to identify with reasonable particularity the evidence upon which he relies."); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 537 (5th Cir. 2003). In this instance, Plaintiffs failed to present such evidence, and in its absence, the court may not assume that Plaintiffs could or would prove the necessary facts. *Little*, 37 F.3d at 1075.

2. <u>Prematurity</u>

Plaintiffs justify their scant response, in part, by noting that Powell was not presented for deposition and did not produce documents in response to requests for disclosure and initial

disclosures. "[I]n the [United States Court of Appeals for the] Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature." *George v. Go Frac, LLC*, No. SA-15-CV-943, 2016 WL 94146, at *2 (W.D. Tex. Jan. 7, 2016); *accord Sewell v. Sewerage & Water Bd. of New Orleans*, 697 F. App'x 288, 291 (5th Cir. 2017); *Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016); *see* 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2717 (4th ed. 2020) ("Deferring a motion is a particularly appropriate step for the court to take if it believes that the [summary judgment] request is premature."). A motion for summary judgment is premature where "basic discovery has not been completed, particularly when the moving party has exclusive access to the evidence necessary to support the nonmoving party's claims." *Phongsavane v. Potter*, No. CIVASA05CA0219, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005); *accord Whitfield v. Miss. Bureau of Narcotics*, No. 3:17CV987-HSO-JCG, 2019 WL 6534144, at *4 (S.D. Miss. Dec. 4, 2019); *George*, 2016 WL 94146, at *2. In other words, "the nonmoving party must have had an opportunity to discover information necessary to its opposition to the summary judgment motion before summary judgment may be granted." *George*, 2016 WL 94146, at *2; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (noting that the grant of summary judgment is limited until there has been "adequate time for discovery"); *Emery v. Medtronic, Inc.*, 793 F. App'x 293, 296 (5th Cir. 2019). The court will evaluate the prematurity of Swift's motion for summary judgment pursuant to its discretionary power to do so. *Thome v. Young Men's Christian Ass'n of Greater Hous. Area*, 786 F. App'x 462, 463 (5th Cir. 2019) ("Discovery matters are entrusted to the sound discretion of the district court."); *Hongo v. Goodwin*, 781 F. App'x 357, 358 (5th Cir. 2019) (holding that even if discovery motions are liberally construed as seeking relief under Rule 56(d), the nonmovant must make a necessary showing that further discovery is necessary to defeat summary judgment).

Additionally, beyond the court's discretionary power, Rule 56(d) of the Federal Rules of Civil Procedure specifically provides that a court may deny a motion for summary judgment when it is deemed premature. Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d); *accord Zeng v. Tex. Tech Univ. Health Sci. Ctr. at El Paso*, 836 F. App'x 203, 214 (5th Cir. 2020); *Emery*, 793 F. App'x at 296; *Wade v. Brennan*, 647 F. App'x 412, 417 (5th Cir. 2016).

Plaintiffs, however, never mention Rule 56(d). Consequently, the court will evaluate the prematurity of Swift's motion for summary judgment pursuant only to its discretionary power to do so. *See Ferrant v. Lowe's Home Ctrs., Inc.*, 494 F. App'x 458, 463 (5th Cir. 2012) ("Although [nonmovant's] response to [the] summary judgment motion stated that '[d]iscovery is not complete in this case,' she never sought relief under Rule 56(d). As [the nonmovant] did not seek such relief, she cannot argue that the district court erred in granting summary judgment without allowing for sufficient discovery."); *Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996) ("If [the nonmovant] needed more discovery in order to defeat summary judgment, it was up to her to move for a continuance pursuant to rule 56[(d)]. Because she did not, she is foreclosed from arguing that she did not have adequate time for discovery."); *see also Cinel v. Connick*, 15 F.3d 1339, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").

Here, Plaintiffs had a sufficient opportunity to discover information necessary to craft its opposition to Swift's summary judgment motion. This proceeding commenced on June 4, 2024, and the current motion was filed approximately two years later on May 14, 2026. *Compare*

*Celotex Corp.*, 477 U.S. at 326 (finding that "no serious claim can be made that [the non-movant] was in any sense 'railroaded' by a premature motion for summary judgment" because the motion was filed one year after the action was commenced and the parties had conducted discovery), *with George*, 2016 WL 94146, at *3-4 (denying as premature a motion for summary judgment because the motion was filed less than two months after the case was initiated, the movant had not filed his answer, the court had yet to issue a scheduling order, and the parties had not begun discovery). Swift filed its motion for summary judgment approximately two weeks after the close of discovery and on the day of the court's deadline for all motions, excluding motions in limine. *Compare Maffei v. Dollar Tree Stores, Inc.*, No. 16-369, 2016 WL 6474934, at *3 (E.D. La. Nov. 2, 2016) (considering motion for summary judgment where discovery had been open for "months" and the parties were on the eve of trial), *and Smith v. Runyon*, No. 95-2450, 1996 WL 390444, at *1 (8th Cir. 1996) (affirming grant of summary judgment where discovery had been open for seven months and the motion was filed after the original deadline for discovery had passed), *with Anderson v. McClendon*, No. 5:18-CV-118-KS-MTP, 2019 WL 1371852, at *3 (S.D. Miss. Mar. 26, 2019) (denying motion for summary judgment as premature where there was "still over four months left in the discovery period"), *and Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 611-12 (M.D. La. 2016) (denying as premature a motion for summary judgment that was filed prior to the commencement of formal discovery), *and Maldonado v. McHugh*, No. EP-11-CV-388, 2012 WL 3292419, at *6-7 (W.D. Tex. Aug. 10, 2012) (denying as premature a motion for summary judgment that was filed seven months prior to the close of discovery and eight and a half months before the court's deadline for dispositive motions). Therefore, Swift's pending Motion for Summary Judgment is not premature and shall be considered.

B. Causes of Action

Because this court is sitting in diversity, Texas law applies for the substantive claims. *TnT Gaming Ctr. LLC v. Am. Specialty Ins. & Risk Servs., Inc.*, No. 3:24-CV-1995-K, 2025 WL

790336, at *2 (N.D. Tex. Mar. 11, 2025) ("Sitting in diversity, this [federal district court] applies Texas law." (citing *Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015))); *Holmesly v. Progressive Cas. Ins. Co.*, No. 3:17-CV-00317, 2020 WL 3513723, at *4 (S.D. Tex. Mar. 3, 2020) ("In a diversity action, a federal district court sitting in Texas must apply the substantive law of Texas."(citing *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005))).

1. Vicarious Liability

Under the doctrine of respondeat superior, an employer may be liable for the negligence of its employee if the employee's negligent conduct is committed within the course and scope of his employment. *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007); *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 541-42 (Tex. 2002); *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998) (citing *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995); RESTATEMENT (SECOND) OF AGENCY § 219 (1958)). To establish that an employee was acting within the course and scope of his employment, the plaintiff must prove that the act was committed within the scope of the general authority given to the employee, in furtherance of the employer's business, and for the accomplishment of the object for which the employee was hired. *See Goodyear Tire & Rubber Co.*, 236 S.W.3d at 757 (quoting *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002)); *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972)*; Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971); *Mata v. Andrews Transp., Inc.*, 900 S.W.2d 363, 366 (Tex. App.—Houston [14th Dist.] 1995, no writ).

Hence, to prevail, Plaintiffs must show that Powell was acting in the course and scope of his employment with Swift. *See F.F.P. Operating Partners*, 237 S.W.3d at 686. The summary judgment evidence presented by Swift, however, demonstrates that Powell was employed by Trucking the Right Way, LLC ("TTRW"), not Swift, at the time of the collision. Plaintiffs, in

their response, acknowledge that "[t]here is no dispute that POWELL was driving in the course and scope of his employment with TTRW at the time of the collision."

Because the summary judgment evidence before the court shows that Powell was not employed by Swift, Powell was not acting within the scope of his employment, if any, with Swift at the time of the relevant collision. Standing alone, Plaintiffs' failure to identify, with reasonable particularity, any summary judgment evidence of an employer-employee relationship between Swift and Powell is sufficient grounds for granting summary judgment on their vicarious liability claim. *See Wease*, 915 F.3d at 996-97; *Alvarez*, 904 F.3d at 389. Accordingly, summary judgment with respect to Plaintiffs' vicarious liability claim is warranted.

2. Negligent Hiring, Training, Supervision, and Retention

Negligent hiring, training, supervision, and retention are based on an employer's direct negligence rather than its vicarious liability for the torts of its employees. *Zarzana v. Ashley*, 218 S.W.3d 152, 157-58 (Tex. App.—Houston [14th Dist.] 2007, pet. struck) (citing *Verinakis v. Med. Profiles, Inc.*, 987 S.W.2d 90, 97 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)). To recover in a negligence action, "the plaintiff must prove: (1) a legal duty owed to the plaintiff, (2) a breach of that duty by the defendant, and (3) damages proximately caused by the breach." *Id.* at 158 (citing *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)); *see Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995); *Bedford v. Moore*, 166 S.W.3d 454, 463 (Tex. App.—Fort Worth 2005, no pet.). The employee need not have been acting within the course and scope of employment at the time of the injury for the employer to be liable under this theory. *Dieter v. Baker Serv. Tools*, 739 S.W.2d 405, 408 (Tex. App.—Corpus Christi 1987, writ denied).

Thus, an employer cannot be held liable for negligent hiring, training, supervision, or retention unless the employer owed a duty to the injured party. *NationsBank, N.A. v. Dilling*, 922 S.W.2d 950, 953 (Tex. 1996) (noting that "[i]n a negligence case, the threshold inquiry is whether

a duty exists as a matter of law") (citing *Greater Hous. Transp. Co.*, 801 S.W.2d at 525)); *Ogunbanjo v. Don McGill of W. Hous., Ltd.*, No. 01-13-00406-CV, 2014 WL 298037, at *2 (Tex. App.—Houston [1st Dist. Jan. 28, 2014, no pet.). To prove an employer owed such a duty in the context of negligent supervision, the plaintiff must establish that there was an employer-employee relationship. *Udoewa v. Plus4Credit Union*, No. H-08-3054, 2009 WL 1856055, at *5 (N.D. Tex. June 29, 2009); *see Garcia v. Zale Corp.*, No. 3:04-CV-1917-D, 2006 WL 298156, at *2 (N.D. Tex. Feb. 1, 2006); *Sanders v. Casa View Baptist Church*, 898 F. Supp. 1169, 1179 (N.D. Tex. 1995), *aff'd*, 134 F.3d 331 (5th Cir. 1998) ("[A] plaintiff must show that the *employer* retained in its employment an individual who was incompetent or unfit for the job as a result of a failure to make a reasonable inquiry into the individual's competence and qualifications.") (emphasis added). As such, a plaintiff cannot recover for negligent supervision absent factual averments demonstrating that he or the alleged wrongdoer was employed by the defendant. *Udoewa*, 2009 WL 1856055, at *5 ("Under Texas law, only the corporate employer has a duty to supervise."); *Garcia*, 2006 WL 298156, at *2; *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.) (referring to liability for negligent hiring, retention, and supervision as *employer* liability) (emphasis added); *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *cf. Golden Spread Council, Inc. v. Akins*, 926 S.W.2d 287, 290 (Tex. 1996) (stating that the "fundamental problem" with plaintiff's recovery against defendants for negligent hiring was that defendant "did not hire [the alleged wrongdoer]").

Again, to prevail, Plaintiffs must show that Powell was employed by Swift. *See Garcia*, 2006 WL 298156, at *2. Plaintiffs do not dispute that Powell was employed by TTRW. Moreover, Plaintiffs state in their response that they "do not present any evidence at this time that [Swift] . . . caused or contributed to cause the collision." Therefore, the court finds there is insufficient evidence to create a genuine dispute of material fact as to Plaintiffs' negligent hiring,

training, supervision, and retention claim against Swift. *See Wease*, 915 F.3d at 996-97; *Alvarez*, 904 F.3d at 389. Thus, summary judgment with respect to this claim is merited.

3. Negligent Entrustment

"The doctrine of negligent entrustment is that the owner of a vehicle who knowingly turns it over to an incompetent driver is liable for wrong committed by such driver." *Rodgers v. McFarland*, 402 S.W.2d 208, 210 (Tex. Civ. App.—El Paso 1966, writ ref'd n.r.e.); *see Magee v. G & H Towing Co.*, 388 S.W.3d 711, 717 (Tex. App.—Houston [1st Dist.] 2012, no pet.). To recover for negligent entrustment, the plaintiff must establish: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent or reckless driver; (3) that the owner should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. *De Blanc ex rel. Ests. of De Blanc v. Jensen*, 59 S.W.3d 373, 375-76 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987); *Soodeen v. Rychel*, 802 S.W.2d 361, 362 (Tex. App.—Houston [1st Dist.] 1990, writ denied)); *Garcia v. Cross*, 27 S.W.3d 152, 155 (Tex. App.—San Antonio 2000, no pet.). Liability is not vicarious; the owner is held liable for his or her own negligence rather than for the negligence of the driver. *Morris*, 78 S.W.3d at 49. The claim is not dependent upon whether the employee was acting in the course and scope of his employment. *Green v. Ransor, Inc.*, 175 S.W.3d 513, 518 (Tex. App.—Fort Worth 2005, no pet.) (citing *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 496 (Tex. App.—Fort Worth 2002, no pet.); *LaRoque v. Sanchez*, 641 S.W.2d 298, 300 (Tex. App.—El Paso 1982, writ ref'd n.r.e.)).

A nonowner of a vehicle may be held liable for negligent entrustment of the vehicle if the nonowner has the right to control the vehicle. *Morris*, 78 S.W.3d at 52 (citing *Cross*, 27 S.W.3d at 155). Further, the term "vehicle" has been defined to include both trailers and semitrailers. *Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 556 n.2 (Tex. App.—Tyler 2007, pet. denied) (explaining that "tractor and trailer each qualify as a 'vehicle' under the Code" (citing TEX. OCC.

CODE ANN. § 2303.002(7))); *see also Solaris Oilfield Site Servs. Oper LLC v. Brown Cnty. Appraisal Dist.*, 688 S.W.3d 918, 927-28 (Tex. App.—Eastland 2024, no pet.) (explaining that "motor vehicle" includes both a "trailer" and "semitrailer" under the Texas Transportation Code); *Nationwide Ins. Co. v. Elchehimi*, 249 S.W.3d 430, 433 (Tex. 2008) (defining "motor vehicle" as a "trailer or semitrailer designed for use with a self-propelled vehicle" (quoting TEX. TRANSP. CODE ANN. § 601.002))).

"For entrustment to be a proximate cause, the defendant entrustor should be shown to be reasonably able to anticipate that an injury would result as a natural and probable consequence of the entrustment." *Schneider*, 744 S.W.2d at 596. Moreover, knowledge of the driver's incompetency at the time of the entrustment is an essential element to establish negligence. *McDorman ex rel. Connelly v. Tex.-Cola Leasing Co. LP., LLP*, 288 F. Supp. 2d 796, 806 (N.D. Tex. 2003); *Rodriguez v. Sciano*, 18 S.W.3d 725, 728 (Tex. App.—San Antonio 2000, no pet.) (citing *Monroe v. Grider*, 884 S.W.2d 811, 815 (Tex. App.—Dallas 1994, writ denied)).

Swift argues in its Motion for Summary Judgment that "it is undisputed that Swift did not entrust the subject vehicle to Powell." This case involves both the tractor and the trailer of an 18-wheeler operated by TTRW. The summary judgment evidence presented by Swift establishes that TTRW, not Swift, owned the involved tractor. Additionally, the affidavit by Bradley Hart as well as the Equipment Lease Agreement between Swift Leasing Co., LLC ("Swift Leasing") and TTRW establish only that Swift Leasing, as owner, leased the involved trailer to TTRW. Swift Leasing, the lessor, however, is a distinct legal entity from Swift, a named defendant in this case. While a trailer likely suffices as a "vehicle" for negligent entrustment, Plaintiffs have not presented any evidence that Swift entrusted the trailer to Powell or that Swift knew of Powell's alleged incompetency at the time, if any, of entrustment. Again, that alone provides sufficient grounds for rejecting the existence of a genuine dispute of material fact. *See Wease*, 915 F.3d at 996-97; *Alvarez*, 904 F.3d at 389. Accordingly, summary judgment with respect to Plaintiffs' negligent entrustment claim is appropriate.

4. Negligent Maintenance

"Motor carriers . . . are required to maintain their vehicles 'in safe and proper operating conditions[,]' and drivers must be 'satisfied that the motor vehicle is in safe operating condition.'" *Rayner v. Claxton*, 659 S.W.3d 223, 251 (Tex. App.—El Paso 2022, no pet.) (alteration in original) (quoting *Omega Contracting, Inc. v. Torres*, 191 S.W.3d 828, 843 (Tex. App.—Fort Worth 2006, no pet.)). To prevail on claims for negligent inspection, repair, and maintenance, a plaintiff must establish the elements of a standard negligence claim: duty, breach, causation, and damages. *Arnett v. C&S Delivery Servs. LLC*, No. 3:24-CV-1643-BN, 2025 WL 2410070, at *8 (N.D. Tex. Aug. 20, 2025). Therefore, in an automobile collision case, a plaintiff must prove: (1) "the defendant had a duty to maintain, repair, or inspect the vehicle involved in the accident"; (2) "it breached its duty"; and (3) "its failure to maintain, repair, or inspect the vehicle resulted in or contributed to the accident." *Id.* (citing *Perez v. Boecken*, No. SA-19-CV-00375-XR, 2020 WL 3452990, at *3 (W.D. Tex. June 23, 2020)).

To establish that the defendant had a duty to maintain, a plaintiff must show that the defendant "either owned[,] leased[,] . . . or otherwise assumed a contractual duty to maintain." *Compare Pukanecz v. Target Corp.*, No. 5:22-CV-00327, 2022 WL 4002305, at *3 (E.D. Pa. Sept. 1, 2022) (granting summary judgment because the defendant did not own, lease, or assume a contractual duty to maintain the parking lot where the slip and fall occurred), *with Shoemake v. Rental Serv. Corp.*, No. CIV.A. 1:06CV426HSOJ, 2008 WL 62238, at *3 (S.D. Miss. Jan. 3, 2008) (denying summary judgment because colorable evidence demonstrated the defendants' possible ownership or rental of the forklift). Relatedly, motor carriers owe a duty to "properly hire, train, and supervise their employees to ensure proper maintenance of their vehicles is occurring." *Rayner*, 659 S.W.3d at 251 ("The law provides that every motor carrier shall systematically inspect, repair and maintain or *cause to be systematically inspected, repaired and maintained, all motor vehicles subject to its control*." (citing *Omega Contracting, Inc.*, 191 S.W.3d at 839)).

Swift argues that Plaintiffs' failure to establish that Swift owed a duty to maintain either the tractor or trailer entitles Swift to summary judgment on this claim. Again, the summary judgement evidence shows that TTRW, not Swift, owned the involved tractor. Plaintiffs have not presented any evidence to show otherwise. Further, the evidence establishes that Swift did not own, lease, or assume a contractual duty to maintain the relevant trailer. The Equipment Lease Agreement regarding the trailer is between TTRW and Swift Leasing, not the named defendant. Swift avers that Swift Leasing is a separate and distinct legal entity from named defendant Swift. Even then, the lease agreement shows that TTRW contractually assumed sole responsibility for and maintenance of the trailer. The record also demonstrates that before the lease with TTRW began, Swift Leasing regularly maintained and inspected the vehicle. Plaintiffs make no attempt to identify with reasonable particularity the evidence upon which they rely. *See S&W Enters.*, 315 F.3d at 537. Therefore, the court finds there is insufficient evidence to create a genuine dispute of material fact as to the duty element of Plaintiffs' negligent maintenance claim against the named defendant, Swift. *See Wease*, 915 F.3d at 996-97; *Alvarez*, 904 F.3d at 389. Hence, summary judgment with respect to this claim is proper.

5. <u>Gross Negligence</u>

a. <u>No evidence</u>

Finally, Swift seeks summary judgment on Plaintiffs' claim for gross negligence, asserting that Plaintiffs have "no evidence" to support it. As a preliminary matter, the court must determine the appropriate standard to employ in evaluating Swift's no evidence argument.

While the Federal Rules of Civil Procedure do not make a distinction between a "traditional" and "no-evidence" motion (as do the Texas Rules of Civil Procedure), the Fifth Circuit has clarified that "when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has *failed to establish* an element essential to that party's case." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017)

(emphasis added). That said, although a no-evidence summary judgment motion is not expressly authorized, if properly pleaded under the Federal Rules of Civil Procedure, such a motion is sufficient to satisfy the initial summary judgment burden in federal court. *Harmon v. Wal-Mart Stores Tex., LLC*, No. 6:19-CV-285-KNM, 2020 WL 6379236, at *2 (E.D. Tex. Sept. 29, 2020) (citing *Austin*, 864 F.3d at 335).

For a movant to satisfy the initial summary judgment burden, however, it is not enough for the moving party to state in a conclusory fashion that there is no evidence to support the nonmovant's case. *Glover v. Walmart Stores Tex., LLC*, No. 9:19-CV-00058, 2020 WL 5745811, at *5 (E.D. Tex. Aug. 7, 2020) (citing *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)); *see Austin*, 864 F.3d at 335 n.10. A movant may satisfy the initial summary judgment burden, however, by alleging "that there is no evidence to support a *specific element* of the nonmovant's claim." *Austin*, 864 F.3d at 335 n.10 (citing *Celotex Corp.*, 477 U.S. at 322-23); *Slaughter v. Walmart, Inc.*, No. 4:21-CV-00649-SDJ-CAN, 2023 WL 2783262, at *3 (E.D. Tex. Apr. 4, 2023), *adopted by* No. 4:21-CV-649, 2023 WL 3060788 (E.D. Tex. Apr. 22, 2023). While this burden may not be difficult to overcome, it is a meaningful barrier.

b. <u>Discussion</u>

Gross negligence is statutorily defined in Texas as an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11); *accord Tarrant County v. Bonner*, 574 S.W.3d 893, 902 (Tex. 2019); *Suarez v. City of Texas City*, 465 S.W.3d 623, 633 (Tex. 2015); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014); *see Century Sur. Co. v. Seidel*, 893 F.3d 328, 337 (5th Cir. 2018) ("In Texas, 'gross negligence' is equivalent to 'criminal recklessness,' which, in turn, necessarily includes but is a more culpable mental state than

'criminal negligence.'"). The test for gross negligence contains both objective and subjective prongs. *Boerjan*, 436 S.W.3d at 311; *accord King v. Cardinal Servs., LLC*, No. 2:19-CV-00217-RSP, 2021 WL 1379160, at *2 (E.D. Tex. Apr. 11, 2021); *Martinez v. Kwas*, 606 S.W.3d 446, 463 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). Under the objective prong, an "extreme degree of risk" requires more than "a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Boerjan*, 436 S.W.3d at 311; *accord King*, 2021 WL 1379160, at *2; *Martinez*, 606 S.W.3d at 463. Subjectively, the defendant must have "actual awareness" of the risk involved, meaning that "the defendant knew about the peril, but its acts or omissions demonstrated that it did not care." *Boerjan*, 436 S.W.3d at 311 (citing *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)); *see King*, 2021 WL 1379160, at *2; *Suarez*, 465 S.W.3d at 634; *Martinez*, 606 S.W.3d at 463.

Plaintiffs' burden is high: "[e]vidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence." *Forester v. El Paso Elec. Co.*, 329 S.W.3d 832, 837 (Tex. App.—El Paso 2010, no pet.) (citing *Universal Servs. Co. v. Ung*, 904 S.W.2d 638, 641 (Tex. 1995)); *see Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007) ("[G]ross negligence is not synonymous with negligence, but rather requires the existence of an extreme risk of serious injury or death, evaluated both objectively and subjectively."). "[I]t is more difficult for a party to establish gross negligence than to show simple negligence because of the subjective component of gross negligence." *Garcia v. Lucky Brothers, Inc.,* No. 1:25-CV-156, 2026 WL 2256333 (E.D. Tex. Aug. 4, 2026) (quoting *Resol. Tr. Corp. v. Acton*, 49 F.3d 1086, 1090-91 (5th Cir. 1995)). Nonetheless, "[c]ircumstantial evidence may suffice to prove either element." *Boerjan*, 436 S.W.3d at 311 (citing *Ellender*, 968 S.W.2d at 921). To prove actual knowledge, though, circumstantial evidence "must either directly or by reasonable inference support that conclusion." *Suarez*, 465 S.W.3d at 634 (citing *City of Corsicana v. Stewart*, 249 S.W.3d 412, 415 (Tex. 2008)). Moreover, Plaintiffs bear the

burden of proving their claim of gross negligence by clear and convincing evidence: "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. CIV. PRAC. & REM. CODE ANN. §§ 41.001(2), 41.003; *Petri v. Kestrel Oil & Gas Props., L.P.*, 878 F. Supp. 2d 744, 761 (S.D. Tex. 2012).

"Texas courts have repeatedly made clear," whether driving a car or truck, conduct that would support a finding of ordinary negligence, "such as a party's failure to obey traffic laws, will not support a finding of gross negligence." *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016) (collecting cases). Courts have commonly determined that conduct such as operating a vehicle at an excessive rate of speed or consciously failing to stop at a stop sign is not, standing alone, enough to constitute gross negligence. *See Rogers v. Blake*, 240 S.W.2d 1001, 1004 (Tex. 1951); *McCarty v. Moss*, 225 S.W.2d 883, 886 (Tex. App.—Austin 1949, writ ref'd); *see also Gallagher v. Lucas*, No. SA-20-CV-00072-FB, 2020 WL 7385844, at *4 (W.D. Tex. Dec. 16, 2020), *adopted by* No. CV SA-20-CA-72-FB, 2021 WL 1123643 (W.D. Tex. Jan. 12, 2021); *Phillips*, 189 F. Supp. 3d at 656. A driver's conduct must instead "be considerably more extreme," that is, "often involving multiple conscious acts or omissions." *Duplessis*, 2023 WL 8791192, at *2 (quoting *Phillips*, 189 F. Supp. 3d at 656). For example, running a stop sign due to a combination of approaching an intersection at a speed of between 56 and 58 miles per hour and "intentionally failing to observe the roadway for a period of perhaps 14 to 20 seconds" is enough to raise a fact question as to gross negligence. *Perez Librado v. M.S. Carriers, Inc.*, No. CIV.A.3:02-CV-2095-D, 2004 WL 1490304, at *3 (N.D. Tex. June 30, 2004); *see Fernandez v. Transp. Designs, Inc.*, No. SA-16-CA-022-OLG, 2017 WL 1294556, at *4 (W.D. Tex. Feb. 28, 2017) (denying the defendant's motion for summary judgment on the issue of gross negligence where the plaintiffs offered evidence that the defendant "did not maintain a proper look out prior to the accident," failed to apply his brakes to avoid the collision, and "did not maintain an appropriate distance").

To assert a claim of gross negligence against a corporation or limited liability company ("LLC"), a plaintiff must show by clear and convincing evidence that the corporation or company itself committed gross negligence. *See Waste Mgmt. of Tex., Inc. v. Dodd*, No. 02-23-00043-CV, 2025 WL 285333, at *4 (Tex. App.—Fort Worth Jan. 23, 2025, pet. denied) (stating the corporate standard for a finding of gross negligence (citing *Ellender*, 968 S.W.2d at 921)); *Rayner*, 659 S.W.3d at 257-59 (applying the corporate standard to an LLC). Because a corporation or LLC acts only through its agents, there are three ways for such an entity to be held liable for gross negligence: (1) if it "commits gross negligence through the actions or inactions of a vice-principal"; (2) "if it authorizes or ratifies an agent's gross negligence"; or (3) "if it is grossly negligent in hiring an unfit agent." *Dodd*, 2025 WL 285333, at *4 (listing the three gross negligence tests set out by the Texas Supreme Court for corporate liability (quoting *Ellender*, 968 S.W.2d at 921-22)); *see also Rayner*, 659 S.W.3d at 257-59 (applying the corporate tests to an LLC); *Culver v. Lowe's Home Ctrs. LLC*, No. 3:24-CV-1549-D, 2025 WL 2402016, at *2-3 (N.D. Tex. Aug. 19, 2025) (same). In determining whether a corporation or LLC is grossly negligent, the fact finder "must look to the totality of the surrounding facts and circumstances." *Telesis/Parkwood Ret. I, Ltd. v. Anderson*, 462 S.W.3d 212, 250 (Tex. App.—El Paso 2015, no pet.) (examining a corporation's alleged liability (citing *Ellender*, 968 S.W.2d at 922)); *see also Rayner*, 659 S.W.3d at 257-59 (evaluating the same for an LLC).

In moving for summary judgment on Plaintiffs' gross negligence claim, Swift has satisfied its initial summary judgment burden. Swift accurately listed the two elements of gross negligence and then alleged that "Plaintiffs have no evidence to support their gross negligence claim as to Swift." This shifted the burden to Plaintiffs to produce evidence raising the existence of a genuine dispute of material fact. *See Celotex Corp.*, 477 U.S. at 322-23. As before, Plaintiffs' failure to present any evidence of gross negligence by Swift provides sufficient grounds for rejecting the existence of a genuine dispute of material fact. *See Wease*, 915 F.3d at 996-97; *Alvarez*, 904 F.3d at 389. Therefore, summary judgment with respect to this claim is warranted.

III. Conclusion

Accordingly, Swift's Motion for Summary Judgment (#27) is GRANTED. Plaintiffs have failed to present a claim that merits relief against Swift. There remain no material facts in dispute, and Swift is entitled to judgment as a matter of law. Plaintiffs' claims against TTRW and Powell remain pending.

SIGNED at Beaumont, Texas, this 11th day of September, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE